# EXHIBIT A

RECEIVED
2019 MAY 15 AM 11: 07
CITY OF SEATTLE
MAYOR'S OFFICE

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

NANCY GILL,

        Plaintiff,

vs.

MICHAEL MAGAN, MICHAEL GONZALEZ, MIKE MANSUR, CITY OF SEATTLE, SNOHOMISH COUNTY,

        Defendants.

Case No. 19-2-04053-31

COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages by a resident of Snohomish County against Snohomish County and one of its agents, Mike Mansur, City of Seattle and two of its agents, Michael Magan and Michael Gonzalez.

## VENUE

2. The actions which form the basis of this complaint took place in Lake Stevens, Washington, thus venue is proper in Snohomish County's Everett Court House.

## PARTIES

**COMPLAINT FOR DAMAGES** - 1
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

3. Plaintiff Nancy Gill is over the age of 18 and resides in Snohomish County, Washington.

4. Defendant Michael Magan is now, and at all times relevant to this complaint, was a detective and police officer in the Seattle Police Department Robbery Unit and in doing the things herein alleged, was acting under color of law and within the course and scope of his employment by defendant City of Seattle.

5. Defendant Michael Gonzalez is now, and at all times relevant to this complaint, was an officer of the Seattle Police Department Anti-Crime Team and in doing the things herein alleged, was acting under color of law and within the course and scope of his employment by defendant City of Seattle.

6. Defendant Mike Mansur is now, and at all times relevant to this complaint, was a deputy of the Snohomish County Sheriff's Office and in doing the things herein alleged, was acting under color of law and within the course and scope of his employment by defendant Snohomish County.

7. Defendant City of Seattle, Washington is now, and at all time mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the State of Washington.

8. Defendant Snohomish County is a political subdivision of the State of Washington and which runs the Snohomish County Sheriff's Office.

9. Each defendant is, and at all times herein was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## ADMINISTRATIVE PROCEEDINGS

**COMPLAINT FOR DAMAGES** - 2
Case No.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

10. Within the statutory time period, specifically on February 1, 2019, plaintiff filed claims, arising out of the events alleged herein, against the City of Seattle and Snohomish County. More than 60 days have passed and neither the City of Seattle nor Snohomish County has responded. The torts claims were rejected as a matter of law.

## FACTUAL BACKGROUND

11. Steven Fisher owned a house in Lake Stevens, Washington. It was sold and the new owner, Evolve 119th LLC, flipped the house. The newly renovated house was and still is advertised on many housing sites, including Zillow. Plaintiff Nancy Gill purchased the newly renovated house on May 18, 2017.

12. On July 19, 2017, two months after purchasing the home, Gill's daughter Bridget mentioned that she noticed someone watching the house from a silver car.

13. On August 19, 2017, Mr. Fisher was arrested for allegedly posing as an FBI agent. Mr. Fisher was thought to have previously impersonated FBI agents in order to rob banks and various businesses. He was brought into King County Jail that day.

14. On August 21, 2017, Defendant Michael Magan initiated a search warrant to be signed by Judge Dean Lum of the King County Superior Court. The warrant authorized the officers to search for counterfeit law enforcement documents, any badges, logos or police equipment that could help someone impersonate an officer or agent. The warrant specifically mentioned the search of Fisher's car and residence.

15. That same day, Mr. Fisher's briefcase and car were searched by the Seattle Police Department.

16. On August 22, 2017 at 1:00 p.m., the Seattle Police Department Robbery Unit, the Snohomish County Sheriff and the FBI met at a predetermined location before caravanning to

COMPLAINT FOR DAMAGES - 3
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Gill's home. Defendant Mike Mansur was present for the service of the search warrant. Gill's red Lexus was parked in the driveway of the house.

17. The officers banged on the front door and then used a battering ram to break the door down. Other officers went to the side of the house and used bolt cutters to break the padlock on the gate to the backyard before breaking through the glass sliding door in Gill's backyard. The officer's entry to the front and back of Gill's home occurred at the same time.

18. Gill was in the bathroom when the officers entered her house. Thinking she was being robbed, she immediately texted her daughter Bridget and her friend Deborah Oswald, to call 911. Bridget was without service and could not make a phone call. She texted her close friend, Mackenzie Hunnycut, to call 911. The 911 dispatch operator told Ms. Hunnycut that the police were already at Gill's house. Deborah Oswald called 911 as well.

19. The officers immediately went to the attic to begin their search, despite not having cleared the house. The officers were wearing bullet proof vests and their guns were drawn.

20. Defendant Michael Magan and/or Michael Gonzalez opened the door to the bathroom where Gill was hiding for safety. She immediately said, "I own this house" and told him the officer he was in the wrong house. Magan told Gill she was under arrest and would be taken in for questioning. He handcuffed her, sat her down in a chair, and immediately began questioning her in the bedroom. No other officers where present in the room. Magan never asked for her identification.

21. Magan began asking a series of questions about the house. He never asked her if she owned the house or if she knew Mr. Fisher. The moment Gill realized that the search was connected to the bank robber who previously lived in her house, she told Magan that she was close friends with defendant Eric Barden, the Police Commander of the Seattle Police

COMPLAINT FOR DAMAGES - 4
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Department Robbery Unit. He had sent her a text just that morning telling her he was going out of town and was unaware that the search was connected to Gill.

22. Magan and the rest of the officers got on the phone with Mr. Barden. After their conversation, the officers removed Gill's handcuffs, vacuumed the house and left. Nearly an hour had passed since the officers first entered Gill's home. Gill noticed that the silver car which was previously present near her house was present that day.

23. Two members from the Lake Stevens Fire Department arrived at Gill's house and nailed her front door shut. The front door and the back sliding door suffered extensive damages.

24. Gill spent over six months repairing her new home, specifically fixing the front door, the back sliding door, the bedroom closet and damage to the drywall and attic vents.

25. As a result of this incident and the emotional distress it caused, Gill was unable to work for six months and lost her job.

26. A few months prior to the incident, she underwent spinal fusion back surgery and was further harmed by being handcuffed behind her back. She now suffers from PTSD, nightmares, and anxiety induced by the trauma of being arrested at gunpoint.

## FIRST CAUSE OF ACTION

### (Negligence)

27. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 26 with the same force and effect as if such paragraphs were separately realleged in this First Cause of Action.

28. The acts of defendants as described above constituted negligence in the use and deployment of a search warrant in the circumstances of this case. Defendants were negligent in failing to recognize that neither Mr. Fisher, nor any of his family members lived at plaintiff's

COMPLAINT FOR DAMAGES - 5
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

address and that plaintiff was not the target or the object of the search warrant. Defendants directly caused harm to plaintiff by their negligent conduct.

29. As a direct and proximate result of defendants' negligent conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering, and other damages, to be proven at trial.

## SECOND CAUSE OF ACTION

### (False Arrest)

30. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 29 with the same force and effect as if such paragraphs were separately realleged in this Second Cause of Action.

31. The conduct of defendant officers in detaining and arresting plaintiff constitutes false imprisonment of plaintiff. There was no probable cause for the arrest.

32. Plaintiff was the second owner of the house after Mr. Fisher. It had been months since Mr. Fisher had lived in the house and he was arrested three days prior to the search and arrest. The warrant used to search plaintiff's home targeted Mr. Fisher, yet the officers did not stop the search when they saw plaintiff was the homeowner.

33. The actions of defendants in arresting plaintiff without probable cause constitutes false imprisonment.

34. As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which will be proven at trial.

**COMPLAINT FOR DAMAGES** - 6
CASE NO.

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## THIRD CAUSE OF ACTION

### (Unlawful Search)

35. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 34 with the same force and effect as if such paragraphs were separately realleged in this Third Cause of Action.

36. The actions of all defendant officers in searching plaintiff's home deprived her of her right to be free from unlawful search.

37. The direct and proximate result of each defendant's acts is that plaintiff suffered economic losses and mental suffering and emotional distress.

## FOURTH CAUSE OF ACTION

### (Trespass)

38. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 37 with the same force and effect as if such paragraphs were separately realleged in this Fourth Cause of Action.

39. The actions of defendants and each of them in entering plaintiff's home without her permission or consent constitute trespassing and a contributing factor to her emotional distress damages.

40. As a direct and proximate result of defendants' trespass, plaintiff sustained economic and non-economic damages, including, without limitation, mental suffering, emotional distress, emotional trauma, physical pain and suffering, and other mental pain and suffering; and other damages, which will be proven at trial.

## FIFTH CAUSE OF ACTION

### (Battery)

COMMPLAINT FOR DAMAGES - 7
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

41. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 40 with the same force and effect as if such paragraphs were separately realleged in this Fifth Cause of Action.

42. Defendants Magan and Gonzalez acted with the intent to cause, and did in fact, cause offensive contact with plaintiff by grabbing plaintiff and handcuffing her behind her back.

43. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

44. At no time did plaintiff consent or acquiesce to any of defendants' acts alleged above.

45. As a direct and proximate result of defendant officers' intentional conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

## SIXTH CAUSE OF ACTION

*(Respondeat Superior* – City of Seattle)

46. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 45 with the same force and effect as if such paragraphs were separately realleged in this Sixth Cause of Action.

47. In doing the things herein alleged, defendant officers were acting within the course and scope of their employment with the City of Seattle. The City of Seattle is therefore liable for the conduct of the defendant officers.

## SEVENTH CAUSE OF ACTION

*(Respondeat Superior* – Snohomish County)

COMPLAINT FOR DAMAGES - 8
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

48. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 47 with the same force and effect as if such paragraphs were separately realleged in this Seventh Cause of Action.

49. In doing the things herein alleged, defendant deputy was acting within the course and scope of his employment with Snohomish County. Snohomish County is therefore liable for the conduct of the defendant deputy.

## EIGHTH CAUSE OF ACTION

### (Unlawful Entry - 42 U.S.C. § 1983 - Violation of Fourth Amendment)

50. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 49 with the same force and effect as if such paragraphs were separately realleged in this Eighth Cause of Action.

51. The actions of defendants Magan, Gonzalez, and Mansur in entering and searching plaintiff's residence without probable cause violated plaintiff's Fourth Amendment right to be free from unlawful entries and searches in violation of 42 U.S.C. § 1983.

52. As a direct and proximate result of defendants' acts, plaintiff had her home invaded by defendant officers and deputies and had her right to privacy disturbed all according to proof at trial.

53. As a direct and proximate result of defendants' conduct, plaintiff sustained economic and non-economic damages, including, without limitation mental suffering, embarrassment, emotional distress, emotional trauma, and other mental pain and suffering; and other damages, which will be proven at trial.

## NINTH CAUSE OF ACTION

### (Unlawful Search, No Probable Cause

**COMPLAINT FOR DAMAGES - 9**
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

42 U.S.C. § 1983: Violation of Fourth Amendment)

54. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 53 with the same force and effect as if such paragraphs were separately realleged in this Ninth Cause of Action.

55. The unlawful search of plaintiff's home by defendants Magan, Gonzalez, and Mansur deprived plaintiff of her Fourth Amendment rights.

56. By these actions as described herein, defendants, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's right to be free from unreasonable searches.

57. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred special damages for home repairs and other expenses all to her damage in an amount to be ascertained to proof at trial.

## TENTH CAUSE OF ACTION

**(Unlawful Seizure, No Probable Cause
42 U.S.C. § 1983: Violation of Fourth Amendment)**

58. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 57 with the same force and effect as if such paragraphs were separately realleged in this Tenth Cause of Action.

59. Plaintiff was seized without an arrest warrant and without probable cause. Defendants Magan and Gonzalez unlawfully arrested plaintiff and put her in handcuffs.

60. This unlawful seizure was done with the specific intent to deprive plaintiff of her constitutional rights to be secure in her property under the Fourth Amendment.

**COMPLAINT FOR DAMAGES** - 10
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

61. By these actions as described herein, defendants, acting under color of statute, ordinance, regulation, custom, or usage, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws, namely, plaintiff's liberty interest in freedom from unreasonable seizure.

62. As a direct and proximate result of the actions and omissions described in this complaint, plaintiff incurred special damages for home repairs and other expenses, other economic damages, physical pain and suffering and emotional distress all to her damage in an amount to be ascertained to proof at trial.

## ELEVENTH CAUSE OF ACTION

### (42 U.S.C. § 1983 - Monell Claim – City of Seattle)

63. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 62 with the same force and effect as if such paragraphs were separately realleged in this Eleventh Cause of Action.

64. At all times herein mentioned, the City of Seattle had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens.

65. With deliberate indifference, the City of Seattle failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The officers whose conduct is described above do not know what constitutes probable cause to search and arrest a person because of inadequate training or tacit approval of said conduct by the Seattle Police Department and tolerance by the department of Fourth Amendment violations.

66. The lack of correct discipline and failure to properly train and correct have exposed those who are in compliance with the law to unreasonable searches and arrests.

COMPLAINT FOR DAMAGES - 11
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

67. The need to train officers in the constitutional limitations on the search and seizure of citizens and the amount of force to apply when doing so can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights. The result is the continuous unreasonable and unnecessary deprivation of a citizen's rights. Such conduct on the part of defendant City of Seattle renders it liable for its officers' constitutional violations.

68. As a direct and proximate result of the foresaid acts, omissions, policies, customs, and ratification of defendant City of Seattle, the individual defendant officers caused the constitutional violations and damages described above.

## TWELFTH CAUSE OF ACTION

### (42 U.S.C. § 1983 - Monell Claim – Snohomish County)

69. Plaintiff realleges and incorporated by reference herein paragraphs 1 through 68 with the same force and effect as if such paragraphs were separately realleged in this Twelfth Cause of Action.

70. At all times herein mentioned, Snohomish County had a mandatory duty of care to properly and adequately hire, train, retain, supervised, and discipline its deputies so as to avoid unreasonable risk of harm to citizens.

71. With deliberate indifference, Snohomish County failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights. The deputy whose conduct is described above does not know what constitutes probable cause to search and arrest a person because of inadequate training or tacit approval of said conduct by the Snohomish County Sheriff's Office and tolerance by the department of Fourth Amendment violations.

COMPLAINT FOR DAMAGES - 12
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

72. The lack of correct discipline and failure to properly train and correct have exposed those who are in compliance with the law to unreasonable searches and arrests.

73. The need to train deputies in the constitutional limitations on the search and seizure of citizens and the amount of force to apply when doing so can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights. The result is the continuous unreasonable and unnecessary deprivation of a citizen's rights. Such conduct on the part of defendant Snohomish County renders it liable for its officers' constitutional violations.

74. As a direct and proximate result of the foresaid acts, omissions, policies, customs, and ratification of defendant Snohomish County, the individual defendant deputy caused the constitutional violations and damages described above.

**PRAYER**

WHEREFORE, plaintiff respectfully prays that this Court enter judgment against defendants, granting plaintiff:

A. A money judgment against each defendant in an amount which will fully compensate her for her economic losses, injuries, other losses, harm and damages sustained in this matter;

B. That the Court award plaintiff her costs, including reasonable and statutory attorney fees incurred in this matter, as provided by law; and

C. Such further relief as this Court deems appropriate.

COMPLAINT FOR DAMAGES - 13
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

1 | DATED this 2 day of May, 2019.

2 | CIVIL RIGHTS JUSTICE CENTER, PLLC

3

4 | _____
Darryl Parker, WSBA #30770

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT FOR DAMAGES - 14
CASE NO.

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183