The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NANCY GILL,<br><br>               Plaintiff,<br><br>vs.<br><br>MICHAEL MAGAN, MICHAEL GONZALEZ, TIMOTHY RENIHAN AND THE CITY OF SEATTLE,<br><br>               Defendants. | No.   2:19-cv-00860-MJP<br><br>DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DISCOVERY ANSWERS<br><br>Noting Date: December 18, 2020<br>NO ORAL ARGUMENT |

## I.    RELIEF REQUESTED

Pursuant to Federal Rule of Civil Procedure 37, Defendants, by and through their attorneys, hereby move this Court for an order compelling Plaintiff to produce complete discovery responses to Defendants' Fifth Set of Requests for Production, specifically Request for Production ("RFP") 41, which encompasses item number 6 ("*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*") listed on Plaintiff's police practices expert Gregory Gilbertson ("Gilbertson")'s list of

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 1
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

items reviewed for his expert report ("Gilbertson's list of materials reviewed"). (Park Dec. ¶2, Exh. A; ¶3, Exh. B).

## II. BACKGROUND AND CERTIFICATION OF ATTEMPTED CONFERENCE LCR 37(a)(1)

### A. Plaintiff's failure to provide material relied on by its expert Gregory Gilbertson

On September 18, 2020, Plaintiff's counsel provided the expert report of its police practices expert Gregory Gilbertson. (*Id*. ¶4, Exh. C). Mr. Gilbertson's expert report included a list of materials that Mr. Gilbertson had relied on in drafting his expert report. (*Id*. ¶3, Exh. B). One of the materials that Mr. Gilbertson had relied on for his expert report was an item titled "*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*" listed as item number 6 in his list of materials reviewed (*Id*. ¶3, Exh. B):

**GILBERTSON INVESTIGATIONS, INC.**
GREGORY G. GILBERTSON, M.S.
PROFESSOR OF CRIMINAL JUSTICE - EXPERT WITNESS
PRIVATE INVESTIGATOR
4722 Snow Grass Place NE, Olympia, WA 98516-6258
C: 360.237.4247 | F: 564.999.4036
E: gregorygilbertson@reagan.com | W: Gilbertson-Investigations.com

September 16, 2020

Darryl Parker
Attorney at Law
Civil Rights Justice Center, PLLC
2150 North 107th Street, Suite 520
Seattle, WA 98133

RE:  *Gill v. Magan et al*, No. 2:19-cv-00860-MJP (W.D. Wash. filed June 4, 2019)

Dear Mr. Parker:

Below is a listing of the discovery I reviewed in *Gill v. Magan et al*, as Enclosure 1 to my report.

1. Search warrant affidavit (Gill) – King County Superior Court Affidavit for Search Warrant
2. 20190610 Def Answer and Affirmative Defenses (Gil) – *Nancy Gill v. Magan, Gonzalez, Mansur, City of Seattle, Snohomish County* Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint
3. Accurint Search – Image of Accurint Search Results
4. SEA000541 Affidavit for Search Warrant – King County Superior Court Affidavit for Search Warrant
5. SEA002722 Case Investigation Report 1-12 – Seattle Police Department Case Investigation Report Det. Renihan
6. Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events
7. 20200206 Unsigned Amended Complaint (Gill) – *Gill v. Magan, Gonzalez, Renihan, City of Seattle* Amended Complaint for Damages
8. CobaneS01302020_cond_N – Det. Cobane Deposition 1/30/20 Transcript
9. CobaneS01302020_full – Det. Cobane Deposition 1/30/20 Transcript
10. MaganM112519_full – Magan Deposition 11/25/19 Transcript

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 2
2:19-cv-00860-MJP

Peter S. Holmes
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

That item (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) is the outstanding discovery item at issue here. Although listed in Mr. Gilbertson's list of materials reviewed, Plaintiff's counsel failed to produce that item with Mr. Gilbertson's expert report. As of the date of this motion, that item is still outstanding and has not been produced to undersigned counsel. (*Id*. ¶5). Undersigned counsel seeks the Court's intervention to compel production of this Timeline.

### B. Undersigned counsel's repeated attempts to obtain the outstanding discovery material through written correspondence and meeting and conferring

On October 7, 2020, undersigned counsel emailed Plaintiff's counsel a list of the outstanding items that Plaintiff's counsel had failed to produce from Mr. Gilbertson's list of materials reviewed. (*Id*. ¶6, Exh. D). One of those outstanding items was the item sought in this motion – the *Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*. (*Id*. ¶6).

On October 8, 2020, undersigned counsel met and conferred telephonically with Plaintiff's counsel to reiterate Defendants' request for the outstanding materials from Mr. Gilbertson's list of materials reviewed. (*Id*. ¶7, Exh. E). During the meet and confer, Plaintiff's counsel stated that he would provide the outstanding materials to undersigned counsel by October 12, 2020. (*Id*. ¶7, Exh. E).

### C. Undersigned counsel's attempt to obtain information about the outstanding discovery material during the deposition of Plaintiff's expert Gregory Gilbertson

On October 9, 2020, undersigned counsel deposed Mr. Gilbertson. During Mr. Gilbertson's deposition, when undersigned counsel questioned Mr. Gilbertson about item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) listed in Mr. Gilbertson's list of items reviewed, Mr. Gilbertson responded: "[I]t's a document that Mr. Parker [Plaintiff's counsel] will provide to you that Ms. Gill has provided to myself and Mr. Parker, her [Plaintiff's] recollection of

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 3
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

the events of this incident." Further, when questioned as to whether "it [would] be correct to say that it [item number 6] is … a document drafted by [Plaintiff] Nancy Gill", Mr. Gilbertson responded "yes". (*Id*. ¶8, Exh. F):

```
                Gregory Gene Gilbertson - October 9, 2020

 1          MISS PARK:  Kelly, can you put up on our screen
 2      the list of materials reviewed.
 3          Okay.  I am entering this in as Exhibit 2.
 4          (Exhibit 2 was marked for
 5           identification.)
 6          MR. PARKER:  Are we on break?
 7          MISS PARK:  No.  I am just trying to -- my
 8      computer's lagging a bit, so I'm trying to just pull
 9      this up on a different -- please bear with me.  Thank
10      you.
11      BY MISS PARK:
12  Q.  Okay.  Here, Mr. Gilbertson, do you see number 6 where
13      it says, Nancy Gill complete timeline?
14  A.  I do.
15  Q.  Okay.  And what is that document?
16  A.  It's a document that Mr. Parker will provide to you that
17      Miss Gill has provided to myself and Mr. Parker, her
18      recollection of the events of this incident.
19  Q.  Okay.  And so would it be correct to say that that is a
20      timeline, or that is a document drafted by Nancy Gill?
21  A.  Yes.
```

### D. Plaintiff's Continued Failure to Produce the Outstanding Discovery Material

Contrary to Mr. Gilbertson's representation during his deposition and in violation of the earlier agreement between counsel of October 12, 2020 as the deadline for the outstanding materials, Plaintiff's counsel failed to provide outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) from Mr. Gilbertson's list of materials reviewed. (*Id*. ¶9).

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 4
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**E. Defendants' Issuance of Requests for Production to Obtain the Outstanding Discovery Material**

Prompted by Plaintiff's counsel's failure to provide outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*), Defendants, on October 15, 2020, issued their Fifth Set of Requests for Production to Plaintiff Nancy Gill. (*Id*. ¶10, Exh. G). Plaintiff's responses were due on November 16, 2020. On November 18, 2020 (two days after the November 16, 2020 deadline), Plaintiff responded to Defendants' Fifth Set of Requests for Production (specifically Request for Production No. 41) as follows (*Id*. ¶11; ¶2, Exh. A):

> **RFP NO. 41:** With respect to any expert witnesses who have provided expert reports in the above-captioned matter, please produce all documents/materials considered by the expert(s) in drafting his/her opinion and specify which documents/materials were considered by which expert witnesses.
>
> **ANSWER:** Plaintiff is not aware of any additional documents utilized in reaching opinions that are not listed in each report and which were discussed during deposition.

**F. Plaintiff's Deficient Responses to Defendants' Formal Discovery Requests**

On November 18, 2020, the undersigned counsel notified Plaintiff's counsel by email that Plaintiff's response to RFP No. 41 was deficient and re-sent the list of outstanding discovery items, which included outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*). (*Id*. ¶12; Exh. H).

On November 19, 2020, the undersigned counsel again alerted Plaintiff's counsel by email of the list of outstanding discovery items, which included outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*). (*Id*. ¶13; Exh. I).

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 5
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### G. Undersigned Counsel's Continued Meet and Confer Efforts After the Close of Discovery

Pursuant to this Court's Order modifying the case scheduling order (Dkt. 46), discovery in the above-captioned matter closed on November 20, 2020. Even past the closure of discovery, undersigned counsel continued attempts to obtain this outstanding discovery item from Plaintiff's counsel without judicial intervention to conserve judicial resources[1].

On November 23, 2020, Plaintiff's counsel, in response to the undersigned counsel's attempt to arrange a telephonic meet and confer to discuss the long overdue discovery item (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*), responded as follows (*Id.* ¶15; Exh. J):



On November 24, 2020, counsel for parties met and conferred telephonically regarding this discovery item. (*Id.* at ¶16). During this meet and confer, Plaintiff's counsel stated that he did not

---

[1] Plaintiff's Counsel provided other outstanding items from Mr. Gilbertson's list of materials reviewed after the close of discovery but has failed to produce outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*). (*Id.* at ¶14).

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 6
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

have information regarding this outstanding item and that he was unsure whether such a document existed. (*Id*. at ¶16).

On November 30, 2020, the undersigned counsel alerted Plaintiff's counsel by email that if Plaintiff's counsel fails to produce outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) by end of business, Defendants would begin the process of bringing a motion to compel. To date, Plaintiff's counsel has not responded to the undersigned counsel's November 30, 2020 correspondence and has failed to produce outstanding item number 6 (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) (*Id*. at ¶17; Exh. K). Accordingly, Defendants now seek this Court's intervention.

### III.   ARGUMENT

Rule 26(a)(2)(B)(ii), which governs the disclosure of expert testimony, requires that an expert report must contain "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(ii). Here, Plaintiff's counsel's failure to provide the outstanding discovery item listed in Mr. Gilbertson's list of materials reviewed (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) is a violation of that Rule. *See Jackson Family Wines, Inc. v. Diageo North Am., Inc*., 2013 WL 5913749 at *2 (N.D. Cal. Oct. 31, 2013) (finding violation of Fed. R. Civ. P. 26(a)(2)(B)(ii) "which requires disclosure with the expert report of 'the facts or data considered by the witness in forming' her opinions" and finding that "[a]s Defendants' expert relied upon the documents[,] they should have been produced"); *Santa Clarita Valley Water Agency v. Whittaker Corp.*, 2020 WL 6260015 at *1 (C.D. Cal. Sept. 16, 2020) ("Rule 26(a)(2)(B)(ii) requires an expert report to contain 'the facts or data considered by the witness in forming' the opinions reached by the expert … As explained in the Advisory Committee Notes to the 2010 Amendment, 'facts or data' as

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 7
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

used in Rule 26(a)(2)(B)(ii) is to 'be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients'"). Under existing case law, Plaintiff's counsel's failure to produce the *Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events* at the time of Mr. Gilbertson's expert report is enough (even alone) for a finding of a violation of Fed. R. Civ. P. 26(a)(2)(B)(ii). *Id*.

Here, that failure is exacerbated by the continuing nature of the failure over the course of several months. As early as October 7, 2020, the undersigned counsel has repeatedly attempted to obtain from Plaintiff's counsel the outstanding discovery item (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*) listed in Mr. Gilbertson's list of materials reviewed. (Park Dec. ¶6; Exh. D). The undersigned counsel's repeated attempts to obtain this outstanding discovery item through email correspondence, meet and confers, and formal discovery requests have continued throughout discovery and even past the closure of discovery[2].

Additionally, as a general matter, the Federal Rules of Civil Procedure favor broad pre-trial discovery. *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993). Courts have broad discretion to control discovery. *See Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). Absent a claim of privilege, parties may obtain discovery of any information that is "relevant to any party's claim or defense and proportional to the needs of the case [.]" Fed. R. Civ. P. 26(b)(1). Rule 34(b)(2)(A) requires a party to serve answers and objections to responses to requests for production. *See* Fed. R. Civ. P. 34(b)(2)(A).

---

[2] Defendants' attempts to resolve this discovery dispute beyond the close of discovery was prompted by a goal to conserve judicial resources. Additionally, the Court's granting of Defendants' Motion to Compel will not impact any existing deadlines.

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 8
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

In short, Defendants have afforded Plaintiff numerous opportunities to produce the outstanding discovery item (*Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events*). Defendants now seek this Court's intervention.

### IV.   CONCLUSION

For the reasons stated herein, Defendants respectfully request that the Court grant its Motion to Compel and for any other relief this Court deems just and proper.

DATED this 3rd day of December, 2020.

> PETER S. HOLMES
> Seattle City Attorney
>
> By:   /s/ Susan Park
> Susan Park, WSBA# 53857
> Ghazal Sharifi, WSBA# 47750
> Assistant City Attorneys
>
> E-Mail: Susan.Park@seattle.gov
> E-Mail: Ghazal.Sharifi@seattle.gov
>
> Seattle City Attorney's Office
> 701 Fifth Avenue, Suite 2050
> Seattle, WA 98104
> Phone: (206) 684-8200
>
> *Attorneys for Defendants City of Seattle, Michael Magan, Michael Gonzalez and Timothy Renihan*

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 9
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Darryl Parker, WSBA# 30770<br>Civil Rights Justice Center, PLLC<br>2150 N. 107th Street, Suite 520<br>Seattle, WA 98133<br><br>*[Attorney for Plaintiff]* | ( x )  Via Email<br>DParker@civilrightsjusticecenter.com<br>jhenderson@civilrightsjusticecenter.com<br>kbasu@civilrightsjusticecenter.com<br>adiaz@civilrightsjusticecenter.com<br>pandrews@civilrightsjusticecenter.com |
|---|---|

        __/s/ Marisa Johnson_____
        Marisa Johnson, Legal Assistant

DEFENDANTS' MOTION TO
COMPEL PLAINTIFF'S DISCOVERY ANSWERS - 10
2:19-cv-00860-MJP

**Peter S. Holmes**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200