UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY GILL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL MAGAN, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C19-860 MJP<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

This matter comes before the Court on Defendants' Motion to Compel. (Dkt. No. 51.) Having reviewed the Motion, Plaintiff's Opposition (Dkt. No. 53), the Reply (Dkt. No. 61), and all supporting papers, the Court GRANTS the Motion.

**BACKGROUND**

Defendants seek production of a document that Plaintiff's expert reviewed in forming his opinions. The document is entitled "Nancy Gill Complete Timeline (003) – Nancy Gill Case Timeline of Events." Plaintiff's counsel states that the document contains "a compilation of events derived from police reports." (Declaration of Darryl Parker ¶ 5 (Dkt. No. 54).) Plaintiff

did not produce this document to Defendants and now claims that it contains attorney work product.

## ANALYSIS

**A.     Defendants Motion is Timely**

The Court may extend a case deadline if the moving party shows that it could not reasonably meet the deadline despite its diligence. Fed. R. Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609.

Although Defendants did not ask leave to file this Motion after the discovery motion deadline, they sufficiently addressed the issue in their reply. As Defendants have demonstrated, they diligently sought production of the timeline from Plaintiff, and the delay in filing the Motion is excusable. The Court finds the record before it evidences sufficient good cause to allow this late filing.

**B.     The Document Must be Produced**

Rule 26(a)(2)(B)(ii) requires an expert report to contain and disclose "the facts or data considered by the witness in forming them." "The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26(a)(2)(B) Adv. Comm. Note to 2010 Amendment. There are exceptions to this disclosure obligation. Rule 26(b)(3) excludes from disclosure trial preparation materials including certain expert materials. See Republic of Ecuador v. Mackay, 742 F.3d 860, 866 (9th Cir. 2014). But "a party may still obtain discovery of trial preparation materials under Rule 26(b)(3) if they are otherwise discoverable and the party shows that it has a 'substantial need' for the materials and 'cannot, without undue hardship, obtain their substantial

equivalent by other means.'" Id. (quoting Fed. R. Civ. P. 26(b)(3)(A)). And Rule 26(b)(4)(C) permits discovery of "communications between the party's attorney and any [expert required to produce a report] . . . to the extent that the communications . . . identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C); see Mackay, 742 F.3d at 866.

The Court finds production of the timeline appropriate. The document, even if prepared by counsel, is a timeline that contains "a compilation of events derived from police reports." (Parker Decl. ¶ 5.) The timeline thus contains facts and data on which the expert relied in forming his opinions. It must be produced under Rule 26(a)(2)(B) and (b)(4)(C). The Court therefore GRANTS the Motion and ORDERS the production of the timeline within 5 days of entry of this Order.

## CONCLUSION

Defendants have demonstrated that they should be entitled to review the timeline on which Plaintiff's expert relied in forming his opinions, and that their motion should be accepted as timely filed. The Court GRANTS the Motion and ORDERS production of the timeline within 5 days of entry of this Order.

The clerk is ordered to provide copies of this order to all counsel.

Dated January 6, 2021.

Marsha J. Pechman
United States District Judge