UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY GILL, | ) |
| Plaintiff, | ) Case No. 2:19-cv-00860-MJP |
| | ) |
| vs. | ) PLAINTIFF'S OPPOSITION TO |
| | ) DEFENDANTS' MOTION TO EXCLUDE |
| | ) THE OPINION OF GREGORY |
| CITY OF SEATTLE, et al., | ) GILBERTSON |
| | ) |
| Defendants. | ) Noting Date: January 15, 2021 |
| | ) |

## I.  INTRODUCTION

Defendants, who have chosen not to retain a police practices expert witness, now bring a premature motion *in limine* to exclude all or portions of the anticipated trial testimony plaintiff's police practices expert Gregory Gilbertson. Defendants have not presented any compelling evidence or case law supporting their assertions that Gilbertson, a former police officer, a private investigator, and a college professor in police practices and constitutional law, is somehow unqualified to render opinions on the type of investigation needed before applying for a search warrant. Defendants' arguments about the breadth of Gilbertson's testimony are effectively a motion *in limine* which is premature and could have been resolved by meeting and conferring as required by Local Rule 7(d)(4).  Gilbertson will not be testifying as to what constitutes probable

cause for the issuance of the search warrant. Nor will he be testifying that defendants' conduct violated the Fourth Amendment or other constitutional amendment. His testimony will be his opinions that the behavior and conduct of the detectives in applying for and executing the search warrant were inappropriate and fell below law enforcement standards. Defendants' remaining arguments on Gilbertson's qualifications go to the weight to be given to his testimony, which is not a basis for completely excluding testimony but is instead in the province of a fact-finder.

Defendants have also circumvented the Local Rules of this Court as to the 12-page limit for briefs in motions by including an appendix that they created for the specific purpose of making substantive objections to Gilbertson's testimony. This Court should deny defendants' motion to exclude in its entirety.

## II.        SUMMARY OF FACTS

Below is a summary of the relevant facts. A detailed account of the facts is included in Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

On August 19, 2017, the Seattle Police Department arrested Steven Fisher for allegedly posing as an FBI agent; Fisher was brought to King County Jail that same day and interviewed by Detective Cobane and defendant Detective Michael Magan. During his August 21, 2017, 12:00 p.m interview with Magan, Fisher stated that he was "living with his folks."

The address of 3 119th Dr. Se, Lake Stevens is on Fisher's driver's license, issued in October of 2016, which he presented when he arrived at King County Jail.  That address was Nancy Gill's home, which she bought from a house flipper in May of 2017. Detective Magan claims that he did not feel it necessary to ask Fisher his mother's name or to confirm who owned the residence appearing on his driver's license. See Deposition of Michael Magan ("Magan

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 2
Case No. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Dep."), Ex. A to ECF No. 64-1, at 31:3-18. On the basis of this evidence, Magan applied for and received a search warrant for that address.

The search warrant was executed on August 22, 2017 around 1:30 PM, and the Seattle Police Robbery Unit, the Snohomish County Sheriff, and the FBI used a battering ram to gain entry into Gill's home. Defendant Magan discovered Gill hiding in her upstairs bathroom; he then arrested and handcuffed her and asked her a series of questions about the house. See Declaration of Nancy Gill ("Gill Dec."), ECF No. 65, at ¶¶13-19. Officers removed Gills' handcuffs after speaking with Eric Barden, who Gill told them she knew and who was the Police Commander of the Robbery Unit. *Id*. at ¶¶20-21.

### III.     EVIDENCE RELIED UPON

1.     Declaration of Darryl Parker;

2.     Declaration of Gregory Gilbertson; and

3.     The records and files herein.

### IV.     LEGAL STANDARD UNDER FRE 702

The opinion testimony of a witness who is qualified as an expert by knowledge, skill, experience, training, or education is admissible under Fed. R. Evid. 702 if: (1) the testimony is based upon sufficient facts or data; (2) the testimony is the product of reliable principles and methods; (3) the expert has applied the principles and methods reliably to the facts of the case; and (4) the scientific, technical, or other specialized knowledge of the witness will help the trier-of-fact understand the evidence or determine a fact in issue. The Court performs a gatekeeping function pursuant to Rule 702 to ensure that proffered expert testimony is "not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993) (discussing expert testimony based on science); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 3
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

When exercising its gatekeeping function with regard to "technical" or "other specialized" knowledge, a district court may employ one or more of the *Daubert* factors; however, in this case where there is available an expert whose extensive training and experience in police matters have resulted in such knowledge, "the relevant reliability concerns may focus upon personal knowledge or experience" instead. *Kumho*, 526 U.S. at 150.

Rule 702 of the Federal Rules of Evidence should be applied consistent with the "liberal thrust" of the Federal Rules and their "general approach of relaxing the traditional barriers to 'opinion testimony.'" *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993) (citing *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169 (1988)); *see also* Advisory Committee Notes to the 2000 Amendments to Rule 702 ("[R]ejection of expert testimony is the exception rather than the rule.... [T]his amendment is not intended to provide an excuse for an automatic challenge to the testimony of every expert.").

The Ninth Circuit has emphasized that the gatekeeping function is meant to "screen the jury from unreliable nonsense opinions, but not to exclude opinions merely because they are impeachable." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

## V. ARGUMENT

### A. Gregory Gilbertson Is a Police Practices Expert, and His Testimony Is Helpful to a Jury's Understanding of the Issues in This Case

Defendants argue that Gilbertson is not qualified to testify as to the appropriate and acceptable method to verify the address of a suspect. Expert testimony on police practices has

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 4
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

generally been found to be admissible in cases involving allegations of police misconduct. *Tubar v. Clift*, 2009 WL 1325952, at *2 (W.D. Wash. 2009) (*citing Smith v. City of Hemet*, 394 F.3d 689, 703 (9th Cir. 2005) (en banc); *Davis v. Mason County*, 927 F.2d 1473, 1484-85 (9th Cir. 1991); *Larez v. City of Los Angeles*, 946 F.2d 630, 635, 647 (9th Cir.1991)).

In determining whether an expert's testimony is reliable, the trial court looks at whether the expert's testimony has "a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire*, 526 U.S. at 149 (citation and alterations omitted). Plaintiff is not presenting Gilbertson as a scientific expert but rather as a professional expert, whose experience as a police officer and as a professor on search and seizure law make him uniquely qualified to opine on the behavior of the detectives in this case. Therefore, *Daubert* factors are not applicable to his non-scientific testimony, which depends heavily on his education, training, experience, and knowledge, rather than methodology or theory. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004); This Court can determine whether Gilbertson's testimony and opinions are reliable by examining his knowledge and experience. Id at 1018.

## B. Gregory Gilbertson Is a Qualified Expert.

Defendants argue that Gregory Gilbertson is not qualified to testify as to the proper and established procedure that well-trained officers use in applying for a search warrant, because he had only personally applied for a half dozen warrants when he was a law enforcement officer in Georgia. This argument is unsound and not supported by Ninth Circuit precedent. Similarly, defendants' argument that Gregory Gilbertson should be excluded because this action is the first matter involving a search warrant in which he has proffered a report or testimony is nonsensical and should be rejected as it provides no logical basis for exclusion.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON - 5
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

Rule 702 provides that expert opinion testimony is admissible if: (1) the witness is qualified to testify about the topics he intends to address; (2) the expert's specialized knowledge will help the jury "to understand the evidence or to determine a fact in issue"; (3) "the testimony is based on sufficient facts or data"; (4) "the testimony is the product of reliable principles and methods"; and (5) "the expert has reliably applied the principles and methods to the facts of the case." To be qualified, the expert must have sufficient "knowledge, skill, experience, training, or education" to offer the opinion. Fed. R. Evid. 702. So long as the expert's testimony is "within the reasonable confines of his subject area," a lack of particularized expertise goes to the weight of the testimony, not its admissibility. *D.F. ex rel. Amador v. Sikorsky Aircraft Corp.*, 2017 WL 4922814 at \*14 (S.D. Cal. Oct. 30, 2017) (*quoting Avila v. Willits Environmental Remediation Trust*, 633 F.3d 828, 839 (9th Cir. 2011) and *citing United States v. Garcia*, 7 F.3d 885, 889-90 (9th Cir. 1993)); *see also Hopkins v. Dow Corning Corp.*, 33 F.3d 1116, 1124 (9th Cir. 1994).

Gregory Gilbertson's qualifications are set out in detail in both his curriculum vitae (CV) and his report, which are attached as Exhibits "A" and "B" to the Declaration of Gregory Gilbertson ("Gilbertson Dec."). He holds a Master of Science degree in Justice Administration, is an accomplished professor (tenured), and director of the Criminal Justice program at Centralia College. He has completed over 1,000 hours of law enforcement and tactical training. Over the past 19 years, he designed and developed an associate degree in criminal justice recognized by BestColleges.com as being in the "Top 10" of all online criminal justice degrees in the nation. Professor Gilbertson also recently spearheaded an initiative which resulted in Centralia College becoming the first institution of higher education approved by the Northwest Commission on Colleges and Universities to award police officers, deputy sheriffs, and state troopers 45 of the 90 credits required to confer a criminal justice degree for academy training and one year of work

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON - 6
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

experience. Before that, Professor Gilbertson was a police officer for over 7 years, and he has been a college professor for over 20. He currently teaches Fourth Amendment jurisprudence and has done so since 2001. Gilbertson CV, Ex. A to Gilbertson Dec; Gilbertson Dec. at ¶¶1-10.

Professor Gilbertson is also a licensed private investigator and former international police trainer, guardian ad litem, and tactical police officer (SWAT). *Id.*

Professor Gilbertson has consulted on 97 criminal and civil rights cases in 18 states and had been offered as an expert in at least 15 cases in this district, including before this Court. *Id.* In the recent federal civil rights case *Alvarez v. King County, et al,* the presiding U.S. District Court Judge of the Western District of Washington, the Honorable Richard A. Jones, in ruling on the defendants' Motion in Limine to exclude the opinions of Professor Gilbertson, found that:

> "Plaintiff has submitted a list of Mr. Gilbertson's qualifications, which demonstrate extensive experience in policing…Mr. Gilbertson's experience includes work as a police officer in Georgia…including assignments as a "SWAT team officer, superior court investigator, school resource officer, (stakeout) squad officer, senior patrolman, and patrolman."…After his law enforcement career, Mr. Gilbertson went on to become a college professor—where he taught courses on criminal justice — and a private investigator, "conducting pretrial investigations for attorneys throughout Washington State in hundreds of criminal cases."…The Court finds that, based on his experience, Mr. Gilbertson's testimony can be expected to have "a reliable basis in the knowledge and experience of [police practices]."…Therefore, the Court DENIES Defendants' motion."

*See Alvarez v. King Cty.,* No. C16-0721RAJ, 2017 WL 3189025, at 8 (W.D. Wash. July 27, 2017)

Gregory Gilbertson satisfies the requirements of Fed. R. Evid. 702 and thus should be permitted to testify. *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010).

## C. Gregory Gilbertson's Opinions and Testimony Meet the Standards of Rules 702 and 703 of the Federal Rules of Evidence

Defendants seek to exclude the testimony of police practices expert Gregory Gilbertson and to bar outright much of his opinions. They contend that his testimony is little more than "ipse

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON - 7
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

dixit" and merit exclusion because he fails to explain his opinions. This argument is unsupported by the facts as Professor Gilbertson goes into great detail as to his reasoning in forming his opinions that the detectives' behavior and lack of thoroughness are inconsistent with established police practices. He employed sound methodologies in reaching these conclusions.

In reaching his opinions on the inappropriateness of the detectives' conduct, Professor Gilbertson describes in detail every fact upon which he relies and the sources for those facts. He comments on Detective Magan's testimony, not to gauge the detective's credibility, but to demonstrate how Magan possessed very questionable information on where Fisher was living at that time and misled the magistrate into signing the warrant which contained false and incomplete information. Gilbertson then describes the standards that are followed and taught by the Seattle Police Department, as well as the standards as he understands them in the industry on verifying information and how the conduct of both detectives failed to meet those standards. Gilbertson report, Exhibit B to Gilbertson Dec.

Expert evidence "is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *City of Pomona*, 750 F.3d at 1044 (citation omitted). In deciding whether to permit an expert to testify, courts face the difficult task of "determin[ing] whether the analysis undergirding the experts' testimony falls within the range of accepted standards governing how scientists conduct their research and reach their conclusions." *Daubert v. Merrell Dow Pharm., Inc. (Daubert II)*, 43 F.3d 1311, 1317 (9th Cir. 1995).

Defendants claim that Gilbertson's testimony is not based on reliable methods and thus should be excluded. In support of this argument, defendants cite to the trial court opinion by Judge Robart of this Court, who held that the opinions of Police Practices expert Sue Peters were not reliable and excluded them in their entirety. *Johnson v. Kelly,* 2:16-cv-00635, Dkt. 39 at pg.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON - 8
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

10. However, *Johnson* is distinguishable from the instant case because the expert in *Johnson* simply presented her conclusions in a list of bullet points without any discussion of the manner in which the listed fact or source supported her conclusions, neither did she correlate those listed conclusions to the facts. The expert also did not commit to a single version of the disputed facts and provided contradictory deposition testimony as to which version she credited. Furthermore, she did not adequately explain how her experience in law enforcement supported her conclusions. *Id.* Finally, the expert in *Johnson*, a case involving an excessive use of force claim, was opining on whether or not the defendants' use of force was reasonable and excessive.

Conversely, Gilbertson has reviewed detailed police narratives, viewed a recorded video interview as well as the affidavit in support of the search warrant, laid out in detail the facts upon which he relies, cited to the specific source from which he ascertained those facts, and explained in depth how the detectives' conduct was unreasonable and falls below the standards of conduct of the industry and of the Seattle Police Department. Gilbertson is not opining on defendants' use of force, and as such, the exclusion of the expert in *Johnson v. Kelly* is not immediately applicable and is instead, a matter of the Court's discretion. *Kumho*, 526 U.S. at 158 ("In sum, Rule 702 grants the district judge the discretionary authority, reviewable for its abuse, to determine reliability in light of the particular facts and circumstances of the particular case).

Gilbertson's experience and background qualify him to review police reports, files and records and to form a reasoned opinion. *See, e.g., White v. Ford Motor Co.*, 312 F.3d 998 (9th Cir. 2002); *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1017 (9th Cir. 2004); He has had experience in drafting affidavits for search warrants and acquiring search warrants for residences as a police officer. Ex. B to Dkt. 60-2 at 11:12-12:22; Gilbertson Dec., ¶¶9-11. It is unremarkable that he has no formal training in applying for search warrants since police

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON - 9
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

officers generally do not receive formal training about search warrants. Gilbertson Dec., ¶14. Additionally, as a private investigator, he has had extensive experience in examining Accurint search results and official records searches. Gilbertson Dec., ¶¶12-13.

Whether the underlying facts upon which he relies are proven inaccurate is an argument that goes to the weight of his testimony, rather than its admissibility. *Mighty Enterprises, Inc.*, 745 F. App'x at 709 ("An expert can use assumptions, inferences, and comparisons. Such assumptions are admissible; their reliability is impeachable."). Similarly, the fact that he is not a commissioned law enforcement officer in Washington or that he has never applied for a residential search warrant in Washington only impact the weight of his testimony. However, since Gilbertson is intimately familiar with police standards and the practices that defendant detectives used to investigate Steven Fisher's background and claims about his address prior to obtaining the search warrant, he is qualified to opine on the detectives' performance in carrying out those processes. If defendants disagree with the weight of his opinions, the Supreme Court has emphasized that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the tradition and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

This Court should thus find that Gilbert Gilbertson's opinions are adequately explained and sufficiently reliable to meet the liberal standard set forth in FRE 702 and *Daubert*.

**D.    Gregory Gilbertson Will Not Offer Testimony That Usurps the Province of the Jury or This Court**

Defendants argue that Professor Gilbertson's expert opinions in his report improperly invade the province of the jury by making findings of fact and impermissible legal conclusions. However, defendants appear to assume that Professor Gilbertson's report will be given to the jury when this not the case. Expert *reports* are not admissible as evidence to a jury as they are

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 10
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

hearsay. Thus, the jury will not see Professor Gilbertson's conclusions involving disputed facts. However, they will hear Professor Gilbertson's testimony based on his extensive experience as a police practices expert and investigator utilizing and analyzing the same resources and databases that defendant detectives used and relied upon. This provides information not available to the average juror that is helpful in making an informed decision about issues of material fact.

Defendants point specifically to the "Discussion" section of Professor Gilbertson's report and claim that it consists entirely of fact findings that invade the province of the jury. However, this claim is simply untrue. He does not make findings of fact but rather explains how his review of specific evidence and sources led him to form his expert opinions, unlike the expert in *Johnson v. Kelly* whose failure to do the same resulted in the exclusion of her opinion. *Johnson v. Kelly,* 2:16-cv-00635, Dkt. 39 at 5 ("Most of those bullet points lack any discussion of the manner in which the bulleted fact or source supports the corresponding conclusion…Ms. Peters's unclear treatment of the underlying facts exacerbates this reliability issue."). Defendants specifically highlight paragraphs 90 through 97 of his report, but in those paragraphs Professor Gilbertson merely describes what he observed in the Steven Fisher interrogation video and cross-references defendant Magan's deposition testimony to show how he synthesized his opinion that Magan did not conduct a thorough investigation into Steven Fisher's claims regarding his residence after ostensibly disbelieving Mr. Fisher in the video. Gilbertson report, Ex. B to Gilbertson Dec., at 17-18. Viewing these few paragraphs in isolation, as defendants do in their Appendix, and stating that they contain findings of fact and are devoid of any expert analyses or opinion is to entirely disregard the context of the paragraphs and the bigger picture that they help paint. There is a distinction between fact finding and connecting the information found in cited sources to a corresponding conclusion. Professor Gilbertson is not establishing facts in these

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

cherry-picked pieces of his report, but is instead explaining in step-by-step detail his expert analysis of the evidence he reviewed and how said analysis led him to formulate his expert opinions.

Furthermore, Professor Gilbertson applies his specialized knowledge of accepted police practices in the "Discussion" section multiple times to synthesize his opinions as to the thoroughness and reliability of defendant detectives' investigation and resulting conclusions. Gilbertson report, Ex. B to Gilbertson Dec., at pg. 17, 19-24 ("To rely on limited and unverified information is inconsistent with accepted police practices and City of Seattle policy. Detective Magan should have confirmed this information with a simple search of publicly available Snohomish County land records…during the video interrogation, neither Detective Magan no Cobane follow up to ask Mr. Fisher to state his current address. More importantly, neither detective asks Mr. Fischer to give the names and ages of his folks. This is extremely problematic because this is inconsistent with the standards and practices of [experienced] detectives and investigators…"); Gilbertson Dec., ¶¶8-14. Professor Gilbertson's expert knowledge about such applicable standards and practices is not available to the average juror but is vital in determining the substance behind many of plaintiff's claims.

## VI.    CONCLUSION

Professor Gilbertson's expert opinions are based on in-depth and detailed analyses of the evidence available in this case. His opinions should not be excluded.

DATED this 11th day of January 2021.

CIVIL RIGHTS JUSTICE CENTER PLLC

*s/ Darryl Parker*_____
**Darryl Parker**, WSBA #30770
*Attorney for Plaintiff*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 12
CASE NO. 2:19-cv-00860-MJP

**Civil Rights Justice Center, PLLC**
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183

## CERTIFICATE OF SERVICE

I, Krithi Basu, under penalty of perjury under the laws of the State of Washington, declare as follows:

I am a legal assistant at the Civil Rights Justice Center, PLLC, and am over the age of 18. On the date and in the manner indicated below, I caused the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE THE OPINION OF GREGORY GILBERTSON and this CERTIFICATE OF SERVICE to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of the filing to all counsel of record.

DATED this 11th day of January, 2021, at Seattle, Washington.


*s/ Krithi Basu* _____
Krithi Basu, Legal Assistant

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO
EXCLUDE THE OPINION OF GREGORY GILBERTSON - 13
Case No. 2:19-cv-00860-MJP

Civil Rights Justice Center, PLLC
2150 N 107th Street, Suite 520
Seattle, Washington 98133
(206) 557-7719 / Fax: (206) 659-0183