UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY GILL, | CASE NO. C19-860 MJP |
| Plaintiff, | ORDER ON MOTIONS IN LIMINE |
| v. | |
| MICHAEL MAGAN, et al., | |
| Defendants. | |

This matter comes the Court on the Plaintiff's Motions in Limine (Dkt. No. 82) and Defendants' First and Second Motions in Limine (Dkt. Nos. 84, 93). Having reviewed the Motions, the Oppositions (Dkt. Nos. 88, 90, 110), and all supporting papers, and having ruled orally on the Motions at the pretrial conference on April 16, 2021, the Court issues the following Order to summarize its oral ruling and to provide additional rulings on matters taken under advisement. Accordingly, the Court GRANTS in part, DENIES in part, and RESERVES RULING in part on the Motions.

**A.     Plaintiff's Motions in Limine**

Plaintiff Nancy Gill filed nine Motions in Limine, which the Court addresses below.

### 1.        Exclude evidence of Plaintiff's involvement in other lawsuits

Gill asks the Court to exclude all evidence that she has been involved in or filed lawsuits prior to this action, arguing that they are irrelevant and subject to exclusion under Rule 403. (Dkt. No. 82 at 3-4.) The Court GRANTS in part and DENIES in part this Motion. The Parties may use statements made by Gill from prior litigation and documents related to her physical condition submitted in prior litigation. But the Parties may not describe the details or nature of the prior suits, use pejorative descriptions of those cases, or suggest that Gill is overly litigious.

### 2.        Exclude evidence of individual defendants' commendations and awards

Gill asks the Court to exclude evidence of that any individual defendants have received past commendations and awards. (Dkt. No. 82 at 4-6.) Defendants do not oppose this request except as rebuttal if Gill opens the door. (Dkt. No. 90 at 4.) The Court GRANTS Gill's request to exclude any evidence of the individual defendants' commendations and awards unless Gill opens the door.

### 3.        Exclude the opinions of rebuttal expert, Jennifer Piel, M.D. J.D.

Gill asks the Court to exclude the opinion of Jennifer Piel, M.D. J.D. regarding the nature, extent, and causes of Gill's claimed psychological injuries. (Dkt. No. 82 at 6-8.) Gill argues that Piel has not personally examined Gill and she has not followed standard psychiatric procedures. Gill asks for exclusion of Piel's opinions under Rules 702 and 403. Defendants argue that this request is untimely, and that Gill's arguments go to the weight of Piel's opinions, not their admissibility. The Court DENIES the Motion. The request to exclude Piel's opinions is an untimely-filed Daubert motion. Additionally, Gill's criticism of Piel's opinions goes to their

weight, not admissibility. At trial, Gill will be permitted to cross-examine Piel about her methodology, the standards applicable to psychological evaluations, and the reliability of her opinions, among other topics.

### 4.    Exclude non-party witnesses

Gill asks the Court to exclude non-party witnesses during trial and Defendants so stipulate. (Dkt. No. 82 at 8; Dkt. No. 90 at 9.) The Court GRANTS the Motion.

### 5.    Exclude documents not previously produced

Gill asks the Court to exclude documents not previously produced and Defendants so stipulate except for impeachment as needed and disclosed in advance of use. (Dkt. No. 82 at 8; Dkt. No. 90 at 9.) The Court GRANTS the Motion except as to documents used for impeachment if disclosed in advance of use.

### 6.    Exclude witnesses not previously disclosed

Gill asks the Court to exclude witnesses not previously disclosed and Defendants so stipulate except for impeachment as needed and disclosed in advance of use. (Dkt. No. 82 at 9; Dkt. No. 90 at 9.) The Court GRANTS the Motion except as to impeachment witnesses if disclosed in advance of their testimony.

### 7.    Exclude character evidence

Gill asks the Court to exclude character evidence and Defendants so stipulate except as to rebuttal if either party opens the door. (Dkt. No. 82 at 9; Dkt. No. 90 at 9.) The Court GRANTS the Motion and excludes such evidence unless either party opens the door at trial.

**8.      Exclude tax liability or financial burden**

Gill asks the Court to exclude evidence regarding any tax liability or financial burden a verdict in her favor may cause and Defendants so stipulate. (Dkt. No. 82 at 10; Dkt. No. 90 at 9.) The Court GRANTS the Motion.

**9.      Exclude evidence this motion was filed**

Gill asks the Court to exclude evidence that her Motions in Limine were filed, and Defendants so stipulate except to the extent to alert the Court of a violation of any ruling as to the Motions. (Dkt. No. 82 at 10-11; Dkt. No. 90 at 10.) The Court GRANTS the Motion, though either Party may alert the Court if there is a violation of any of the rulings on these Motions.

**B.      Defendants' First Motions in Limine**

Defendants filed sixteen Motions in Limine, which the Court addresses below.

**1.      Exclude mention of national or local current affairs or politics**

Defendants ask the Court to bar the Parties from "commenting on or in any way referencing wearing political buttons, or displaying political stickers or any other form of political paraphernalia" or referencing the killing of Breonna Taylor. (Dkt. No. 84 at 2.) Gill agrees to this Motion and the Court GRANTS the Motion.

**2.      Exclude reference to Department of Justice investigation and consent decree**

Defendants ask the Court to exclude reference or evidence related to the Department of Justice investigation into the Seattle Police Department's practices, the findings of that investigation, and the Consent Decree entered into the DOJ and the City of Seattle. (Dkt. No. 84 at 2.) Gill agrees to this Motion and the Court GRANTS the Motion.

### 3.   Exclude evidence of medical diagnoses without competent medical testimony

Defendants ask the Court to exclude "evidence of specific medical diagnoses for any party or witness (physical or psychological) without competent medical testimony." (Dkt. No. 84 at 3.) Gill agrees that lay witnesses cannot provide medical diagnoses but argues that lay witnesses should be permitted to provide percipient testimony of Gill's emotional and physical condition. The Court GRANTS in part, DENIES in part, and RESERVES RULING in part on this Motion. As a general matter, lay witnesses will not be permitted to testify as to medical diagnoses of Gill, but they will be permitted to testify about their observations of Gill's emotional and physical state. The Court will address any specific objections as to lay testimony about Gill's emotional and physical condition as they are made at trial.

### 4.   Exclude reference to unrelated incidents involving SPD officers

Invoking Rules 404(b) and 403, Defendants ask the Court to bar any reference to unrelated incidents or uses of force by any of the Seattle Police Department officers who are defendants or witnesses in this case, including evidence of prior misconduct, prior complaints, prior lawsuits, and personnel complaints. (Dkt. No. 84 at 4.) Gill agrees to this Motion and the Court GRANTS the Motion.

### 5.   Exclude evidence of future lost wages

Invoking Fed. R. Civ. P. 37(c)(1), Defendants ask the Court to exclude any evidence or testimony about future lost wages, arguing that it was not properly disclosed per Fed. R. Civ. P. 26(a)(1)(A)(ii) and 26(a)(1)(A)(iii). (Dkt. No. 84 at 5.) Gill disputes Defendants' assertion and claims that discovery has been produced on the issue of lost wages. Gill also faults Defendants for not propounding further discovery and argues that any failure to produce is harmless. (Dkt. No. 88 at 3-4.) The Court RESERVES RULING on this Motion.

**6.     Exclude evidence as to Gill's alleged spinal injury or need for surgery**

Defendants ask the Court to exclude Gill from presenting argument or evidence that Defendants caused her alleged spinal injury or need for surgery. (Dkt. No. 84 at 5-6.) Gill stipulates to this request and the Court GRANTS the Motion.

**7.     Exclude documents and testimony of Moffat and Rodgers**

Defendants ask the Court to exclude "any testimony, evidence or argument regarding any emails (including any attachments) authored by Regan Moffat or James Rodgers and bar Regan Moffat and James Rodgers from testifying on grounds of irrelevance and lack of personal knowledge, as neither individual was involved in the actual search warrant investigation or execution in any official SPD capacity." (Dkt. No. 84 at 6.) Defendants claim that admission of any such evidence would violate Rules 401, 602, 701, and 801-803. (Dkt. No. 84 at 6-8.) Gill argues that Moffat and Rodgers have personal knowledge about this relevant issue and that they should be permitted to testify. Having reviewed the emails and testimony submitted by the Parties, the Court DENIES the Motion. The Court will not exclude the emails or testimony from Moffat and Rodgers about the online searches they personally performed. Additionally, Moffat's and Rodgers' testimony and emails may be used for impeachment.

**8.     Exclude evidence regarding Zillow**

Defendants ask the Court to exclude "speculative argument or evidence that Defendants could have accurately verified the address information for Steven Fisher by checking public websites such as Zillow." (Dkt. No. 84 at 8-9.) Defendants argue that these sources are unreliable, and that admission would violate Rule 403. Gill argues that the request is overly vague and that information on Zillow has not shown to be inaccurate as to sales history. The Court DENIES the Motion.

**9.      Motions in Limine Nos. 9-14**

Gill stipulates to Defendants Motions in Limine numbers 9 through 14. (Dkt. No. 84 at 9-12.) The Court GRANTS these Motions.

**10.      Motion No. 15: Exclude cumulative expert witnesses**

Defendants ask the Court to exclude cumulative retained and non-retained experts under Rule 403. (Dkt. No. 84 at 12-13.) Gill opposes this Motion, arguing that any issues should be handled as they arise during trial and that for all expert witnesses, she will "ensure that their testimonies are distinct and non-cumulative." (Dkt. No. 88 at 8.) The Court RESERVES RULING on this Motion and will address any objections regarding cumulative witnesses if they are made at trial.

**11.      Motion No. 16: Exclude testimony from Maxwell, Rowe, Ong, etc.**

Defendants ask the Court to exclude "expert testimony from witnesses Robert Maxwell, Adam Rowe, Mary Ong, Chris Studioso, Brandon Mauer and Vitaliy Voytovich because they are fact witnesses improperly designated by Plaintiff as nonretained experts." (Dkt. No. 84 at 13-16.) Gill opposes this request. The Court RESERVES RULING on this Motion and will address any objections to the extent they arise at trial.

**C.     Defendants' Second Motions in Limine**

Defendants filed three additional Motions in Limine, which the Court addresses below. (Dkt. No. 93.)

**1.      Exclude Lynda MacPherson, MA LMHC**

Defendants ask the Court to exclude "all testimony and evidence from Lynda MacPherson, MA, LMHC, as Plaintiff has waited until the eve of trial to disclose her as a proposed expert witness in the case." (Dkt. No. 93 at 2; see id. 2-6.) Defendants ask for exclusion

under Rule 37(c)(1) because MacPherson was not timely disclosed as an expert. Gill opposes this request, but admits MacPherson was not disclosed as an expert witness within the timeline set by the Court because she only began treating Gill after that deadline. (Dkt. No. 110 at 2-4.) The Court GRANTS the Motion in part. MacPherson may not be called as an expert, but she may provide testimony about the care she has provided to Gill.

**2.      Exclude Gill's Exhibits 26, 28, 32 (p. 2), 42, 43 and 45**

Defendants ask the Court to exclude Gill's trial exhibits 26, 28, 32 (p. 2), 42, 43 and 45 on the grounds that they were never disclosed or produced in discovery. (Dkt. No. 93 at 6-8.) Gill withdraws some of these exhibits but argues that the others are admissible. (Dkt. No. 110 at 4-5.) The Court RESERVES RULING on this Motion and will address any objections if any are raised at trial.

**3.      Exclude certain testimony of Matthew Jakupcak, PhD**

Defendants asked the Court to "bar Plaintiff's expert Matthew Jakupcak, PhD from offering, arguing, relying on or referring to the "Patient Health Questionnaire" or the "Clinician-Administered PTSD Scale for DSM-5 (CAPS-5) because Plaintiff failed to produce the underlying documents or notes supporting them." (Dkt. No. 93 at 8-10.) Defendants have withdrawn Motion in Limine No. 3, which the Court DENIES as MOOT.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 23, 2021.

Marsha J. Pechman
United States Senior District Judge