UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY GILL,<br><br>               Plaintiff,<br><br>    v.<br><br>MICHAEL MAGAN, and TIMOTHY RENIHAN<br><br>               Defendants. | CASE NO. C19-860 MJP<br><br>COURT'S PRELIMINARY INSTRUCTIONS TO THE JURY |

Dated April 26, 2021.

Marsha J. Pechman
United States District Judge

## INSTRUCTION NO. 1

### Duty of the Jury

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set of instructions throughout the trial.  This set of instructions should kept safe with you during the trial and not shared.  At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## INSTRUCTION NO. 2

### Neutral Statement of the Case

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case brought by Nancy Gill against Michael Magan and Timothy Renihan, two Seattle Police Department detectives. The case arises out of a search conducted by Magan and Renihan in August 2017 of Gill's home in Lake Stevens, Washington. Gill claims that Magan and Renihan incorrectly identified her home as belonging to a criminal suspect, Steven Fisher. Fisher previously owned Gill's home, but Gill has no connection to Fisher. Gill alleges that Magan obtained a search warrant by recklessly misleading the issuing judge and by failing to provide the judge with material information about where Fisher lived. Gill claims that Magan and Renihan also had a reasonable opportunity to call off the search of her home after learning additional material information about Fisher's residence but failed to do so. Gill also claims that she was unlawfully detained during the search of her home.

Gill brings three claims under federal law:

- Claim 1: judicial deception against Magan when applying for the search warrant;

- Claim 2: unlawful detention against Magan; and

- Claim 3: failure to intercede against Renihan and Magan.

Gill brings three state law claims:

- Claim 4: negligence against Magan and Renihan;

- Claim 5: unlawful detention against Magan; and

- Claim 6: battery against Magan.

Magan and Renihan deny these claims and assert that Gill failed to mitigate her damages.

## INSTRUCTION NO. 3

### Conduct as Jurors

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NO. 4**

**Outline of the Trial**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the virtual jury room to deliberate on your verdict.

**INSTRUCTION NO. 5**

**Taking Notes**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the virtual jury room to decide the case. Do not let note-taking distract you. Throughout trial, your notes should be left so that no one reads them.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Preliminary Jury Instructions

## INSTRUCTION NO. 6

### Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**INSTRUCTION NO. 7**

**Ruling on Objections**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## INSTRUCTION NO. 8

### Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## INSTRUCTION NO. 9

### Stipulated Facts

The parties have agreed to certain facts that may be presented to you at trial. When a stipulated fact is identified and presented to you, you must treat it as having been proved.

## INSTRUCTION NO. 10

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

 In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case, if any;

5. the witness's bias or prejudice, if any;

6. whether other evidence contradicted the witness's testimony;

7. the reasonableness of the witness's testimony in light of all the evidence; and

8. any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 11

### Expert Witnesses

Some witnesses, because of education or experience, may be permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## INSTRUCTION NO. 12

### What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**INSTRUCTION NO. 13**

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are admitted into evidence;

3. any facts to which the lawyers have agreed; and

4. any facts that I may instruct you to accept as proved.

You may also hear testimony in the form of depositions.  This testimony is also evidence from which you are to decide the facts.  You should draw no inference from whether these individuals were or were not physically present in the court themselves.

**INSTRUCTION NO. 14**

**Burden of Proof – Preponderance**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## INSTRUCTION NO. 15

### Questions to Witnesses by Jurors

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question into the "chat" feature in the ZoomGov platform. Your questions should be directed to the judge. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**INSTRUCTION NO. 16**

**Two or More Parties – Different Legal Rights**

You should decide the case as to each defendant separately. Unless otherwise stated, the instructions apply to all parties.

**INSTRUCTION NO. 17**

**Federal Claims – Introductory Instruction**

Nancy Gill brings several of her claims under federal statute, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or law of the United States shall be liable to the injured party.

**INSTRUCTION NO. 18**

**Federal Claims – Causation**

A person deprives another of a constitutional right if that person does an affirmative act, participates in another's affirmative act, or omits to perform an act which that person is legally required to do, that causes the deprivation. The defendants' conduct causes the deprivation of a constitutional right when such conduct is both the cause in fact and the proximate cause of the deprivation.

## INSTRUCTION NO. 19

### Federal Claims – Elements and Burden of Proof

In order to prevail on her federal claims against defendants Michael Magan and Timothy Renihan, Nancy Gill must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of state law; and

2. the defendant's acts or failure to act deprived the plaintiff of her particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation. The parties have stipulated that the defendants acted under color of state law.

If you find Nancy Gill has proved each of these elements, and if you find that Nancy Gill has proved all the elements she is required to prove under these Instructions, your verdict should be for the Nancy Gill. If, on the other hand, you find that the Nancy Gill has failed to prove any one or more of these elements, your verdict should be for the defendants.

## INSTRUCTION NO. 20

### Claim One: Federal Claim – Unreasonable Search – Judicial Deception

As previously explained, Nancy Gill has the burden of proving that the acts of the defendants deprived plaintiff of particular rights under the United States Constitution. In this case, Nancy Gill alleges that defendant Michael Magan deprived Gill of her rights under the Fourth Amendment to the Constitution when Magan intentionally or in reckless disregard of the truth made one or more material misrepresentations or omissions in a search warrant affidavit to a judge.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of her residence. In general, a search of a residence is unreasonable under the Fourth Amendment if the search is not conducted pursuant to a search warrant. A search warrant is a written order signed by a judge that permits a law enforcement officer to search a particular location and seize specific items. To obtain a search warrant, a law enforcement officer must show probable cause that a crime has been committed and that items related to that crime are likely to be found in the place specified in the warrant. In deciding whether to issue a search warrant, a judge generally relies on the facts stated in the warrant affidavit signed by a law enforcement officer.

To prove Magan deprived Gill of this Fourth Amendment right, Gill must prove the following additional elements by a preponderance of the evidence:

(1)     Magan submitted to a judge a warrant affidavit that contained one or more misrepresentations or omissions material to the finding of probable cause; and

(2)     Magan made those misrepresentations or omissions either intentionally or with reckless disregard for the truth.

To show materiality in the context of this claim, Gill must demonstrate that the judge would not have issued the warrant if the false information had been excluded (or redacted) or if the omitted or missing information had been included (or restored).

In the context of this claim, a "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of misleading a reasonable judge into concluding that probable cause has been established, when that danger is either known to the defendants or is so obvious that the defendants must have been aware of it.

## INSTRUCTION NO. 21

### Claim Two: Federal Claim – Fourth Amendment– Unreasonable Seizure of Person

As previously explained, Nancy Gill has the burden of proving that the acts of Michael Magan deprived Gill of particular rights under the United States Constitution. In this case, Gill alleges Magan deprived her of her rights under the Fourth Amendment to the Constitution when he detained, handcuffed, and arrested Gill in her residence on August 22, 2017.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of her person. In order to prove Magan deprived Gill of this Fourth Amendment right, Gill must prove the following additional elements by a preponderance of the evidence:

(1) Magan caused the seizure of Gill's person;

(2) in causing the seizure of Gill's person, Magan acted intentionally; and

(3) the seizure was unreasonable.

A defendant causes the seizure of plaintiff's person when he sets in motion a series of events that he reasonably knows will cause others to restrain the plaintiff's liberty through coercion, physical force or a show of authority. A person's liberty is restrained when, under all of the circumstances, a reasonable person would not have felt free to ignore the presence of law enforcement officers and go about her business.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. Therefore, Gill must prove Magan intended to detain, arrest, or handcuff her. It is not enough if Gill only proves Magan acted negligently, accidentally, or inadvertently in conducting the search. However, Gill does not need to prove Magan intended to violate her Fourth Amendment rights.

## INSTRUCTION NO. 22

**Claim Two: Federal Claim – Fourth Amendment — Unreasonable Seizure of a Person – Detention During Execution of Search Warrant**

In general, a law enforcement officer may detain an occupant of a premises during a search of that premises authorized by a search warrant so long as the officer detains the person in a reasonable manner and does not detain the person any longer than the time it takes to complete the search.

To prove the seizure in this case was unreasonable, Nancy Gill must prove by a preponderance of the evidence that she was detained in an unreasonable manner or for an unreasonable period of time after the search was completed or both.

In determining whether Magan detained Gill unreasonably in this case, consider all of the circumstances known to the officers on the scene, including:

(1) the severity of the suspected crime or other circumstances that led to the search warrant;

(2) whether Gill was the subject of the investigation that led to the search warrant;

(3) whether Gill posed an immediate threat to the safety of the officers or to others or to the ability of the officers to conduct the search safely;

(4) whether Gill was actively resisting arrest or attempting to flee;

(5) whether the detention of Gill was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy; and

(6) whether the detention of Gill facilitated the orderly completion of the search.

Under the Fourth Amendment, an officer may use only such force to detain a person as is "objectively reasonable" under the circumstances. In other words, you must judge the

reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

## INSTRUCTION NO. 23

### Claim Three: Federal Claim – Failure to Intercede

Police officers have a duty to intercede when their fellow officers violate the constitutional rights of a citizen. But a police officer can be held liable for failing to intercede only if they had an opportunity to intercede.

Nancy Gill claims that Timothy Renihan and Michael Magan violated her Fourth Amendment right to be from unreasonable searches and seizures by failing to intercede and stop the execution of the search warrant at Gill's home. To prove this claim, Gill must prove by a preponderance that:

(1) Renihan and/or Magan knew of evidence that Steven Fisher likely did not live at 3 119th Drive Southeast prior to the execution of the search warrant stating that Fisher resided at that location;

(2) Renihan and/or Magan had an opportunity to intercede to stop the execution of the search warrant;

(3) Renihan and/or Magan failed to intercede to stop the execution of the search warrant; and

(4) Renihan's and/or Magan's failure to intercede was intentional or with reckless disregard for the truth.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct. In the context of this claim, "reckless disregard for the truth" means highly unreasonable conduct that is an extreme departure from ordinary care, presenting a danger of executing a search warrant based on judicial deception, when that danger is either known to the defendants or is so obvious that the defendants must have been aware of it.

**INSTRUCTION NO. 24**

**Claim Four: State Law Claim – Negligence**

Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances. Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

The term "proximate cause" means a cause which in a direct sequence produces the injury complained of and without which such harm would not have happened.

**INSTRUCTION NO. 25**

**Claim Five: State Law Claim – Unlawful Detention**

To prove her claim for unlawful detention Nancy Gill must prove:

(1) Michael Magan deprived Gill of either liberty of movement or freedom to remain in the place of her lawful choice;

(2) Magan restrained Gill through physical force, threat of force, or by conduct reasonably implying that force would be used;

(3) Gill did not consent to the restraint; and

(4) The restraint was without legal authority.

To show restraint without legal authority, Gill must prove by a preponderance of the evidence that she was restrained in an unreasonable manner or for an unreasonable period of time after the search was completed or both. In reaching this conclusion, consider all of the circumstances known to the officers on the scene, including:

(1) the severity of the suspected crime or other circumstances that led to the search warrant;

(2) whether Gill was the subject of the investigation that led to the search warrant;

(3) whether Gill posed an immediate threat to the safety of the officers or to others or to the ability of the officers to conduct the search safely;

(4) whether Gill was actively resisting arrest or attempting to flee;

(5) whether the detention of Gill was unnecessarily painful, degrading, prolonged, or involved an undue invasion of privacy; and

(6) whether the detention of Gill facilitated the orderly completion of the search.

An officer may use only such force to detain a person as is "objectively reasonable" under the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for Gill. On the other hand, if any of these propositions has not been proved, your verdict should be for Magan.

**INSTRUCTION NO. 26**

**Claim Six: State Law Claim – Battery**

Nancy Gill brings a claim for the tort of battery against Michael Magan. To prevail on this claim, Gill must prove:

1. Magan acted with the intent to cause a harmful or offensive contact with Gill or an imminent apprehension of such a contact;

2. Gill was thereby put in such imminent apprehension of such contact or there was such a contact; and

3. Magan's intentional conduct was not authorized under state law or exceeded Magan's authority under state law.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for Gill. On the other hand, if any of these propositions has not been proved, your verdict should be for Magan.

## INSTRUCTION NO. 27

### Measure of Damages: Economic and Non-Economic

It is the duty of the court to instruct you as to the measure of damages.  By instructing you on damages the court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Nancy Gill, you must determine the amount of money that will reasonably and fairly compensate Gill for such damages as you find were proximately caused by the acts of Defendants.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guess, or conjecture. The law has not furnished us with any fixed standards by which to measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish. With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**INSTRUCTION NO. 28**

**Damages – Mitigation**

Nancy Gill has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendants have the burden of proving by a preponderance of the evidence:

(1) that Gill failed to use reasonable efforts to mitigate damages; and

(2) the amount by which damages would have been mitigated.

**INSTRUCTION NO. 29**

**No Transcript**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

## INSTRUCTION NO. 30

### Duty to Deliberate

Before you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.