UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NANCY GILL,<br><br>                    Plaintiff,<br><br>      v.<br><br>MICHAEL MAGAN, et al.,<br><br>                    Defendants. | CASE NO. C19-860 MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO RULE 59 |

This matter comes before the Court on Plaintiff's Motion for a New Trial Pursuant to Rule 59(a). (Dkt. No. 149.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 163), the Reply (Dkt. No. 167), and the relevant portions of the record, the Court DENIES the Motion.

**BACKGROUND**

This matter was tried before a jury over the course of seven days, starting on April 26, 2021. The jury returned a verdict in favor of Defendants on all claims Plaintiff Nancy Gill brought, including her claim of negligence. (Dkt. No. 144.) Gill now seeks a new trial for three

reasons. First, Gill argues that Defendants improperly obtained discovery from her smart phone in violation of a Court order and used that information to humiliate her and prejudice her testimony to the jury. Second, Gill argues that Defendants improperly used text messages obtained from a third-party witness for the sole purpose of embarrassing her and prejudicing the jury against her. Third, Gill argues that she is entitled to a new trial on her negligence claim given the evidence presented at trial.

**ANALYSIS**

**A.**     **Legal Standard**

Under Rule 59 "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," so the Court is instead "bound by those grounds that have been historically recognized." Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003). "Historically recognized grounds include, but are not limited to, claims 'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (quoting Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 510 n.15 (9th Cir. 2000). "Unlike with a Rule 50 determination, the district court, in considering a Rule 59 motion for new trial, is not required to view the trial evidence in the light most favorable to the verdict." Experience Hendrix, 762 F.3d at 842. "[T]he district court can weigh the evidence and assess the

credibility of the witnesses" and "may sua sponte raise its own concerns about the damages verdict." Id. (citation omitted). "Ultimately, the district court can grant a new trial under Rule 59 on any ground necessary to prevent a miscarriage of justice." Id. (citing Murphy v. City of Long Beach, 914 F.2d 183, 187 (9th Cir. 1990)).

**B.  Smart Phone Data**

During trial, the Court was made aware of the fact that Defendants had obtained smart phone data from Gill's phone that exceeded the scope of discovery the Court had previously ordered. The Parties dispute just how overbroad Defendants' collection was, but the bottom line is that Defendants violated the Court's order. When this was brought to the Court's attention at trial, the Court excluded all but the data that was permissible to have been obtained. This sanction was appropriate and avoided allowing Defendants to have an unfair advantage from using any data that was inappropriately obtained.

Gill claims that Defendants nonetheless used the excluded data to help build a case against her to both villainize and humiliate her. This argument is based on pure speculation. Gill points to no evidence that Defendants used any of the information that was improperly obtained from the smart phone at trial. The Court excluded any such information in Exhibit 101. And Gill has not identified any other evidence that was used at trial that was not otherwise publicly available. The Court rejects this argument. See Chalmers v. City of Los Angeles, 762 F.2d 753, 761 (9th Cir. 1985)

Gill also claims that she was unable to testify clearly at trial when she learned that Defendants had obtained an overbroad collection from her smart phone. But as Defendants point out, they provided a copy of the complete smart phone extraction 10 months before trial. This was adequate time for Gill and her counsel to be aware of this issue and to take steps, such as

through a motion in limine, to prevent it rattling Gill at trial. And having observed trial and the jury's reaction, the Court is not convinced that Gill's testimony was necessarily confused or impacted by this issue. This is not a basis for new trial.

C.     **Third-Party Messages**

Gill also argues that she was unfairly confronted at trial with text messages she had sent to and from Lt. Eric Barden that had not been produced by Defendants after they obtained them from Lt. Barden until six days before trial. But as Defendants correctly point out, these messages were used for purposes of impeachment and they did not have to be disclosed before trial. See Fed. R. Civ. P. 26(a)(3)(A). Even then, Defendants did disclose them before trial and gave Gill advance warning about their content. Gill cites to no request for production that would have otherwise called for their production earlier. Gill's surprise at being confronted with these messages is not easily understood, given that she either sent or received each of these messages and had nearly a week to prepare herself to be confronted by the messages at trial. While Gill may have been flustered at trial by Defendants' questioning, that was not unexpected given the personal nature of claims and damages she pursued. The Court finds no basis to grant a new trial based on the admission and use of the Barden text messages.

D.     **Negligence**

The Court is further unconvinced that Gill is entitled to a new trial on her negligence claim. The jury was properly instructed as to the applicable law and it heard all evidence presented by both parties. The jury heard evidence and testimony about the search which Michael Magan and Timothy Renihan performed to determine Steven Fisher's residence and the relevant standards applicable to searches to be performed before applying for a search warrant. While this presented a close question of fact on negligence, the jury was presented sufficient evidence on which to have rendered the verdict it did. See EEOC v. Go Daddy Software, Inc.,

581 F.3d 951, 962 (9th Cir. 2009). The Court is not convinced that the jury's verdict was against the great weight of the evidence or that the jury's decision was erroneous. Molski, 481 F.3d at 729. As such, the Court finds no basis to grant a new trial as to the negligence claim.

## CONCLUSION

Gill is not entitled to a new trial pursuant to Rule 59. While Defendants violated the Court's order on discovery from Gill's smart phone, the Court took steps to avoid any prejudice to Gill from that action during trial. Gill has not shown that the use of the Barden texts was improper or prejudicial. Nor has Gill shown why a new trial is proper on her negligence claim. The Court DENIES the Motion.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 23, 2021.

Marsha J. Pechman
United States Senior District Judge