**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 29 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY GILL, | No.   21-35635 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00860-MJP |
| v. | |
| CITY OF SEATTLE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted June 10, 2022
Seattle, Washington

Before:  IKUTA and MILLER, Circuit Judges, and PREGERSON,** District Judge.

Nancy Gill appeals the district court's (1) partial grant of summary judgment to Defendants-Appellees, (2) rulings at trial regarding the City of Seattle's vicarious liability, and (3) denial of Gill's motion for a new trial.  We have

---

    *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **   The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and affirm in all respects.

1.     The warrant affidavit included sufficient information to establish probable cause that evidence of a crime would be found at the 119th Avenue Drive SE address. Whether there is a fair probability that evidence is located in a particular place "depends upon the totality of the circumstances, including reasonable inferences, and is a commonsense, practical question." *United States v. Kelley*, 482 F.3d 1047, 1050 (9th Cir. 2007) (internal quotation marks and citations omitted). We "review the issuance of a search warrant deferentially, upholding it if the issuing judge had a 'substantial basis' for concluding that probable cause existed based on the totality of [the] circumstances." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (internal quotation marks, alteration, and citations omitted). As Defendants-Appellees acknowledge, there is no per se rule that any type of document or evidence establishes probable cause as a matter of law. Here, however, Fisher's government-issued driver's license corroborated other information indicating that he resided at the 119th Avenue Drive SE address. On the facts of this particular case, Fisher's statement, booking form, and driver's license, viewed together and in the totality of the circumstances, provided a substantial basis for concluding that probable cause existed to search the address.[1]

---

[1] We note further that, although the district court concluded that the search warrant was supported by probable cause, the court nevertheless allowed Gill to proceed to

2

2. With respect to the respondeat superior claim, the district court did not "eliminate the City as a Defendant," but rather concluded that the claim did not present a jury question. In any event, Gill did not raise any issue regarding Officer Gonzalez before the district court, let alone request a jury instruction as to Officer Gonzalez or any other nonparty. Accordingly, any issue regarding the City's respondeat superior liability for Office Gonzalez's actions has been waived. *See Slaven v. Am. Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir. 1998). Even if we were to reach the question, and to assume that the district court refused to instruct the jury as to Officer Gonzalez, the district court would not have abused its discretion in so refusing. *See Chess v. Dovey*, 790 F.3d 961, 970-71 (9th Cir. 2015). The Amended Complaint referred only to vicarious liability for the conduct of "defendant officers," a term that, by the time of trial, no longer included Officer Gonzalez.

3. We review the district court's denial of Gill's Rule 59 motion for a new trial for abuse of discretion. *Flores v. City of Westminster*, 873 F.3d 739, 756 (9th Cir. 2017). "A new trial should only be granted where the 'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'"

---

trial on both her Fourth Amendment judicial deception and common law negligence claims. The jury found against Gill on both claims.

*Settlegoode v. Portland Pub. Sch.*, 371 F.3d 503, 517 (9th Cir. 2004) (quoting *Kehr v. Smith Barney*, 736 F.2d 1283, 1286 (9th Cir. 1984)). Gill has provided no example of testimony that may have been affected by her knowledge that Defendants-Appellees had access to certain messages, let alone shown that the entire proceeding was affected by such access. Moreover, the messages referenced by Gill appear to have been provided by Barden, not obtained from Gill's phone through any misconduct. The district court did not abuse its discretion in denying Gill's Rule 59 motion.

**AFFIRMED.**